UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EDWARD and SHERYL MURDOCK, <br><br> Plaintiffs, <br><br> v. <br><br> MAVERICK TURTLE CREEK APARTMENTS, CHARLES _____, MELODY CONDOR, NATIONAL CREDIT SYSTEMS, INC., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER TO FILE AMENDED COMPLAINT** <br><br> Case No. 2:22-cv-00776 <br><br> Magistrate Judge Daphne A. Oberg |

Pro se plaintiffs Edward and Sheryl Murdock,[1] proceeding *in forma pauperis*, filed this action against Maverick Turtle Creek Apartments, Charles (last name unknown), Melody Condor, and National Credit Systems, Inc.[2] For the reasons explained below, the court orders the Murdocks to file an amended complaint by **May 10, 2023**.

## LEGAL STANDARDS

Whenever a court authorizes a party to proceed *in forma pauperis*, the court must review the case under 28 U.S.C. § 1915(e)(2). Under this statute, the court must dismiss the case if it

---

[1] The plaintiffs are divorced but continue to share a last name. (*See* Compl. 2, Doc. No. 6.)

[2] (*See id.*) The version of the complaint filed at Doc. No. 6 is missing pages. For this reason, the court relies on the first nineteen pages of attachment 3 filed at Doc. No. 6-3 as the complaint and cites to it as "Full Compl., Doc. No. 6-3" throughout.

1

determines the complaint "fails to state a claim on which relief may be granted."[3] In making this determination, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[4] To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[5] The court accepts well-pleaded factual allegations as true, viewing them in the light most favorable to the plaintiff and drawing all reasonable inferences in the plaintiff's favor.[6] But the court need not accept the plaintiff's conclusory allegations as true.[7] "[A] plaintiff must offer specific factual allegations to support each claim."[8] As a court with limited jurisdiction, this court also has an "independent obligation to confirm that [its] jurisdiction is proper,"[9] "even in the absence of a challenge from any party."[10]

Because the Murdocks proceed pro se, their filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[11] Still, pro se plaintiffs must

---

[3] 28 U.S.C. § 1915(e)(2)(B)(ii).

[4] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[5] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[6] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[9] *Margheim v. Buljko*, 855 F.3d 1077, 1083 (10th Cir. 2017).

[10] *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

[11] *Hall*, 935 F.2d at 1110.

"follow the same rules of procedure that govern other litigants."[12] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[13] While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements,"[14] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[15]

## BACKGROUND

The Murdocks bring this action seeking relief for what they allege to be "abusive and illegal tactics to force elderly tenants out of their existing rental contracts" so that Maverick Turtle Creek Apartments could "take advantage of rising rates due to housing shortages and re-rent the properties at a higher rate."[16] The Murdocks allege Ms. Murdock leased an apartment from Maverick Turtle Creek in March 2020.[17] Ms. Murdock's lease took effect on September 1, 2020 and was set to run through August 31, 2022.[18] However, Maverik Turtle Creek served Ms.

---

[12] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[13] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[14] *Hall*, 935 F.2d at 1110.

[15] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[16] (Full Compl. 1, Doc. No. 6-3.)

[17] (*Id.* at 2.)

[18] (*Id.*; Attach. 1 to Compl., Residential Lease Contract, Doc. No. 6-1 at 1–8.)

Murdock with an "informal notice of eviction" on March 3, 2022, which the Murdocks allege improperly terminated her lease.[19] The Murdocks assert Ms. Murdock was ordered to vacate the apartment by March 11, 2022, although six months remained on the lease and she was current on her payments.[20] The Murdocks allege the defendants took possession of the apartment on April 6, 2022, changed the locks, and disposed of Ms. Murdock's property still within the apartment.[21]

The Murdocks indicate they were divorced at the time of the events giving rise to this action, with Mr. Murdock residing in Nephi, Utah, and Ms. Murdock residing in Sherman, Texas.[22] The Murdocks allege Melody Condor managed the Maverick Turtle Creek Apartments and Charles (last name unknown) was the "maintenance man" for the apartments at the time.[23] The Murdocks allege National Credit Systems, Inc., is an agency attempting to collect a debt of $3,765 from Ms. Murdock on behalf of Maverick Turtle Creek Apartments.[24]

The Murdocks list infliction of severe emotional distress and violation of the Fair Debt Collections Practices Act[25] as the two primary causes of action in the complaint.[26] In addition, they appear to assert numerous other claims, including violations of the Fair Credit Reporting

---

[19] (Full Compl. 3, Doc. No. 6-3.)

[20] (*Id.*)

[21] (*Id.* at 2.)

[22] (*Id.*)

[23] (*Id.* at 3–4.)

[24] (*Id.* at 6; Attach. 1 to Compl., Letter from Nat'l Credit Sys., Inc., Doc. No. 6-1 at 10.)

[25] 15 U.S.C. 1692 *et seq.*

[26] (*See* Full Compl. 14–17, Doc. No. 6-3.)

Act,[27] breach of contract, conversion, various violations of Texas property law, and federal and state criminal claims.[28] However, it is impossible to discern which claims the Murdocks assert against which defendants.

## ANALYSIS

The Murdocks attempt to raise numerous claims, including violations of the the Fair Debt Collections Practices Act, violations of the Fair Credit Reporting Act, various state law claims, and various criminal claims. For the reasons stated below, the Murdocks have failed to state a cognizable claim under any of the causes of actions raised in the complaint.

To the extent the Murdocks allege National Credit Systems violated the Fair Debt Collections Practices Act[29] (FDCPA),[30] they fail to state a cognizable claim. "To prevail under the FDCPA, a plaintiff must prove that the defendant is a 'debt collector' who is trying to collect a 'debt' from the plaintiff in violation of some provision of the FDCPA."[31] While the Murdocks allege National Credit Systems is a debt collector as defined under the act,[32] they fail to explain how National Credit Systems violated the FDCPA. The Murdocks submitted a letter from

---

[27] 15 U.S.C. § 1681 *et seq.*

[28] (*See generally* Full Compl., Doc. No. 6-3.)

[29] 15 U.S.C. 1692 *et seq.*

[30] (*See* Full Compl. 16–17, Doc. No. 6-3.)

[31] *Obduskey v. Wells Fargo*, 879 F.3d 1216, 1219 (10th Cir. 2018).

[32] (*See* Full Compl. 16–17, Doc. No. 6-3); *see also* 15 U.S.C. § 1692a(5) (defining "debt collector" as "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due . . . another").

National Credit Systems with their complaint,[33] which appears to provide details regarding a debt and instructions for how to dispute it (seemingly consistent with FDCPA requirements).[34] While the Murdocks dispute the debt, that dispute alone is insufficient to allege National Credit Systems acted inconsistently with the requirements of FDCPA.[35] The Murdocks fail to assert "specific factual allegations" in support of this claim,[36] and thereby fail to "state a claim to relief that is plausible on its face."[37] Accordingly, the Murdocks fail to state a cognizable FDCPA violation.

To the extent the Murdocks allege National Credit Systems violated the Fair Credit Reporting Act[38] (FCRA), they also fail to state a cognizable claim.[39] The FCRA only applies to "consumer reporting agencies."[40] Under the FCRA:

> The term 'consumer reporting agency' means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other

---

[33] (*See* Attach. 1 to Compl., Letter from Nat'l Credit Sys., Inc., Doc. No. 6-1 at 10.)

[34] *See* 15 U.S.C. 1692g(a)–(b) (outlining the "notice of debt" requirements and the procedure for "disputed debts").

[35] *See id.*

[36] *Kan. Penn Gaming, LLC*, 656 F.3d at 1214.

[37] *Hogan*, 762 F.3d at 1104 (quoting *Twombly.*, 550 U.S. at 547).

[38] 15 U.S.C. § 1681 *et seq*.

[39] (Full Compl. 16–17, Doc. No. 6-3.)

[40] *See* 15 U.S.C. § 1681(a) (describing the purpose of the FCRA as "requir[ing] that *consumer reporting agencies* adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information" (emphasis added)).

information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.[41]

The Murdocks fail to assert National Credit Systems qualifies as a consumer reporting agency. Accordingly, they have failed to state a plausible FCRA violation against National Credit Systems.

To the extent the Murdocks allege various state-law claims against the defendants, the Murdocks have not shown the court has original jurisdiction over these claims.[42] As it stands, the Murdocks' complaint does not adequately allege diversity jurisdiction as required by 28 U.S.C. § 1332. For the court to have diversity jurisdiction, the amount in controversy must exceed $75,000[43] and the parties must be completely diverse.[44] Where the Murdocks seek damages in the amount of $500,000, the first requirement is met.[45] But the Murdocks have not alleged diversity of citizenship.

An allegation of residency is insufficient to establish diversity. Under 28 U.S.C. § 1332, "[a]n individual's residence is not equivalent to his domicile and it is domicile that is relevant for

---

[41] 15 U.S.C. § 1681a(f).

[42] The Murdocks appear to allege the following state-law claims: various violations of Texas' property code, common law conversion under Texas state law, breach of contract, and infliction of severe emotional distress. (*See* Full Compl. 8–10, 12–14, Doc. No. 6-3.)

[43] *See* 28 U.S.C. § 1332(a).

[44] *See id.*; *McPhail v. Deere & Co.*, 529 F.3d 947, 950 (10th Cir. 2008) (stating diversity requires "the citizenship of all defendants must be different from the citizenship of all plaintiffs").

[45] (*See* Full Compl. 17, Doc. No. 6-3.)

determining citizenship."[46] "[A]n allegation that a party [] is a resident of a state is not equivalent to an allegation of 'citizenship' and is insufficient to confer jurisdiction."[47] Corporations are deemed "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."[48]

The Murdocks' allegation that Ms. Murdock "was a resident of Sherman, Texas" and Mr. Murdock "was and is a resident of Nephi, Utah," [49] is insufficient to allege the Murdocks' citizenship for purposes of establishing diversity. Further, the Murdocks' allegation that National Credit Systems is "domiciled in Georgia"[50] leaves it unclear whether the Murdocks claim National Credit Systems is incorporated in Georgia, has its principal place of business there, or something else entirely. Accordingly, this is insufficient to establish citizenship as to National Credit Systems. Further, the Murdocks allege the "representative address" for Maverick Turtle Creek Apartments is "3114 Rex Cruse Drive, Sherman, Texas 75092."[51] Again, it is unclear whether this references where Maverick Turtle Creek is incorporated, where it has its principal place of business, or something else. Accordingly, this is also insufficient to

---

[46] *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).

[47] *Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972) (internal quotation marks omitted); *see also Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 300 (10th Cir. 1968) ("The jurisdictional allegations of the original petition for removal were defective . . . because citizenship, as distinguished from residence of the plaintiff, was not expressly alleged.").

[48] 28 U.S.C. § 1332(c)(1).

[49] (Full Compl. 2, Doc. No. 6-3.)

[50] (*Id.*)

[51] (*Id.*)

establish citizenship. Lastly, the Murdocks fail to allege the citizenship of defendants Condor and Charles. For these reasons, the Murdocks fail to allege facts sufficient to establish diversity jurisdiction.[52]

Even if the Murdocks had alleged an adequate basis of jurisdiction for their state-law claims, the complaint is still problematic where it is unclear what state-law claims are asserted against which defendants. Without "specific factual allegations to support each claim"[53] the Murdocks have failed to "state a claim to relief that is plausible on its face."[54]

Moreover, the Murdocks purport to bring claims against the defendants under a federal criminal statute for conspiracy against civil rights[55] and various Texas criminal statutes (such as burglary, assault, simulating legal process, exploitation of the elderly, retaliation, and financial abuse of an elderly individual).[56] However, criminal statutes "cannot be enforced in a private civil action."[57] Therefore, the Murdocks lack standing "to assert that a party has violated

---

[52] Additionally, where "[d]istrict courts do not otherwise have jurisdiction to hear [] state law claims but for their intertwinement with claims over which they have original jurisdiction," the Murdocks would need to establish supplemental jurisdiction under 28 U.S.C. § 1367(a) in order for this court to have jurisdiction to assess any of the state-law claims asserted in their complaint.

[53] *Kan. Penn Gaming, LLC*, 656 F.3d at 1214.

[54] *Hogan*, 762 F.3d at 1104 (quoting *Twombly*, 550 U.S. at 547).

[55] *See* 18 U.S.C. § 241.

[56] (*See* Full Compl. 8, 10–13, Doc. No. 6-3.)

[57] *Gallacher v. Kisner*, No. 2:08-cv-845, 2009 U.S. Dist. LEXIS 68000, at *13 (D. Utah June 25, 2009) (unpublished).

criminal laws, or to seek criminal prosecution."[58] And the Murdocks cannot recover civil damages for the defendants' alleged violation of a criminal statute.[59]

Finally, the complaint also raises justiciability issues. Article III of the United States Constitution limits federal jurisdiction to the resolution of actual cases and controversies.[60] Standing "is an essential element of the case-or-controversy requirement of Article III."[61] To maintain standing, a plaintiff must establish she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[62] Where Mr. Murdock was not a party to the lease agreement, he and Ms. Murdock are and were divorced, and he was not living in the apartment at the time of the alleged eviction, it is not apparent Mr. Murdock has suffered any injury.

In sum, the Murdocks' allegations do not appear to comport with any recognized cause of action over which this court has jurisdiction. Because the Murdocks' complaint fails to state a plausible claim for relief, it is subject to dismissal.[63] Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot

---

[58] *Rojas v. Meinster*, No. 19-cv-01896, 2019 U.S. Dist. LEXIS 229829, at *4 (D. Colo. Sept. 10, 2019) (unpublished); *see also Diamond v. Charles*, 476 U.S. 54, 64 (1986) (finding private individuals cannot compel enforcement of criminal laws).

[59] *See Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984).

[60] U.S. Const. art. III, § 2.

[61] *Comm. to Save the Rio Hondo v. Lucero*, 102 F.3d 445, 447 (10th Cir. 1996) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

[62] *United States v. Richardson*, 418 U.S. 166, 173 (1974) (quoting *Flast v. Cohen*, 392 U.S. 83, 99 (1968)).

[63] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."[64] Accordingly, to provide the Murdocks every reasonable opportunity to bring their claims, they are granted leave to amend the complaint.

## CONCLUSION

The court ORDERS as follows:

1. The Murdocks must file an amended complaint by **May 10, 2023**. The words "Amended Complaint" should appear in the caption of the document.

2. Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Rule 3-2(b) of the Local Rules of Civil Practice.

3. The Murdocks are advised that an amended complaint will *completely replace* all prior versions of the complaint. Claims which are not realleged in the amended complaint will be deemed abandoned.[65]

4. Other than an amended complaint, the restriction on filing motions or other documents set forth in the court's December 19, 2022 order[66] remains in place. The only documents the Murdocks may file at this juncture are an amended complaint and court forms (such as the email filing and electronic notification form and the consent to magistrate judge jurisdiction form).

---

[64] *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

[65] *See Pierce v. Williams*, No. CIV 20-284-RAW-SPS, 2020 U.S. Dist. LEXIS 185074, at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect." (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991))).

[66] (Doc. No. 5.)

        5.        Failure to file an amended complaint may result in a recommendation to dismiss this action.

DATED this 19th day of April, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge