UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EDWARD and SHERYL MURDOCK, <br><br> Plaintiffs, <br><br> v. <br><br> MAVERICK TURTLE CREEK APARTMENTS; CHARLES _____; MELODY CONDOR; and NATIONAL CREDIT SYSTEMS, INC., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING ACTION WITHOUT PREJUDICE** <br><br><br> Case No. 2:22-cv-00776 <br><br> Magistrate Judge Daphne A. Oberg |

Pro se plaintiffs Edward and Sheryl Murdock,[1] proceeding *in forma pauperis*, filed this action against Maverick Turtle Creek Apartments, Charles (last name unknown), Melody Condor, and National Credit Systems, Inc.[2] After screening the Murdocks' complaint under 28 U.S.C. § 1915(e)(2)(B) and identifying deficiencies, the court ordered the Murdocks to file an amended complaint.[3] The Murdocks were informed that once filed, their amended complaint would likewise be screened under 28 U.S.C. § 1915(e).[4] The Murdocks filed an amended complaint on May 30, 2023.[5]

---

[1] The plaintiffs are divorced but continue to share a last name. (*See* Am. Compl. 1, Doc. No. 10.)

[2] (*See* Compl., Doc. No. 6.)

[3] (*See* Mem. Decision and Order to File Am. Compl. ("Order to Amend") 11, Doc. No. 9.)

[4] (*Id.*)

[5] (*See* Am. Compl., Doc. No. 10.)

1

The Murdocks' original complaint failed to state a cognizable claim because it failed to assert facts sufficient to state a claim for any of the causes of action the Murdocks attempted to assert.[6] Other than adding more specific allegations regarding some Fair Debt Collections Practices Act[7] claims, and rewording and reorganizing the introductory section, the Murdocks' amended complaint is identical to their original complaint.[8] While the allegations the Murdocks added may cure some of the deficiencies previously identified by the court, the majority of the Murdocks' federal claims remain deficient, and venue is improper in this district for any potentially viable federal claims. Thus, the Murdocks' federal claims are dismissed. Further, the Murdocks fail to adequately allege diversity jurisdiction as to their state-law claims, and the court declines to exercise supplemental jurisdiction where all federal claims are dismissed. For these reasons, the court[9] DISMISSES this action without prejudice.

## LEGAL STANDARDS

Whenever a court authorizes a party to proceed *in forma pauperis*, it must review the case under 28 U.S.C. § 1915(e)(2). Under this statute, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[10] In making this determination, the court employs the standard for analyzing a motion to dismiss for failure to

---

[6] (*See* Order to Amend 5–11, Doc. No. 9.)

[7] 15 U.S.C. § 1692 et seq.

[8] (*See* Am. Compl. 1–2, 7–8, Doc No. 10.)

[9] The Murdocks consent to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the District of Utah's General Order 20-034. (*See* Doc. No. 7.)

[10] 28 U.S.C. § 1915(e)(2)(B)(ii).

state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[11] To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[12] The court accepts well-pleaded factual allegations as true, viewing them in the light most favorable to the plaintiff and drawing all reasonable inferences in the plaintiff's favor.[13] But the court need not accept the plaintiff's conclusory allegations as true.[14] "[A] plaintiff must offer specific factual allegations to support each claim."[15]

As a court with limited jurisdiction, this court also has an "independent obligation to confirm that [its] jurisdiction is proper,"[16] "even in the absence of a challenge from any party."[17] Additionally, although improper venue is a defense that may be waived if not properly raised, a district court may dismiss a case *sua sponte* under § 1915 for improper venue if "it is clear that [the plaintiff] can allege no set of facts" to support proper venue.[18]

---

[11] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[12] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[13] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[14] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[15] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[16] *Margheim v. Buljko*, 855 F.3d 1077, 1083 (10th Cir. 2017).

[17] *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

[18] *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006).

Because the Murdocks proceed pro se, their filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[19] Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[20] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[21] While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements,"[22] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[23]

## BACKGROUND

The Murdocks bring this action seeking relief for what they allege to be Maverick Turtle Creek Apartments' "ongoing criminal enterprise designed and intended to breach contracts [with elderly tenants] that were not producing as much profits as defendants wanted."[24] The Murdocks allege Ms. Murdock leased an apartment from Maverick Turtle Creek in March 2020.[25] Ms.

---

[19] *Hall*, 935 F.2d at 1110.

[20] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

[21] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[22] *Hall*, 935 F.2d at 1110.

[23] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[24] (Am. Compl. 1, Doc. No. 10.)

[25] (*Id.* at 3.)

Murdock's lease took effect on September 1, 2020 and was set to run through August 31, 2022.[26] However, Maverik Turtle Creek served Ms. Murdock with an "informal notice of eviction" on March 3, 2022, which the Murdocks allege improperly terminated her lease.[27] The Murdocks assert Ms. Murdock was ordered to vacate the apartment by March 11, 2022, although six months remained on the lease and she was current on her payments.[28] The Murdocks allege the defendants took possession of the apartment on April 6, 2022, changed the locks, and disposed of Ms. Murdock's property which was still within the apartment.[29]

      The Murdocks indicate they were divorced at the time of the events giving rise to this action, with Mr. Murdock residing in Nephi, Utah, and Ms. Murdock residing in Sherman, Texas.[30] The Murdocks allege Melody Condor managed the Maverick Turtle Creek Apartments and Charles (last name unknown) was the "maintenance man" for the apartments at the time.[31] The Murdocks allege National Credit Systems, Inc. is an agency attempting to collect a debt of $3,765 from Ms. Murdock on behalf of Maverick Turtle Creek Apartments.[32]

---

[26] (*Id.*; Attach. 1 to Compl., Residential Lease Contract, Doc. No. 6-1 at 1–8.)

[27] (Am. Compl. 3, Doc. No. 10.)

[28] (*Id.*)

[29] (*Id.*)

[30] (*Id.* at 2.)

[31] (*Id.* at 4–5.)

[32] (*Id.* at 6–7; Attach. 1 to Compl., Letter from Nat'l Credit Sys., Inc., Doc. No. 6-1 at 10.)

The Murdocks list infliction of severe emotional distress and violation of the Fair Debt Collections Practices Act[33] as the two primary causes of action in the complaint.[34] In addition, they appear to assert numerous other claims, including violations of the Fair Credit Reporting Act,[35] breach of contract, conversion, various violations of Texas property law, and federal and state criminal claims.[36]

## ANALYSIS

The Murdocks attempt to raise numerous claims, including violations of the Fair Debt Collections Practices Act, violations of the Fair Credit Reporting Act, various state law claims, and claims under various federal and state criminal statutes. For the reasons stated below, the Murdocks have failed to state a cognizable claim under most of the causes of actions raised in the complaint, and venue is improper in this district for any potentially viable claims.

---

[33] 15 U.S.C. § 1692 et seq.

[34] (*See* Am. Compl. 17–20, Doc. No. 10.)

[35] 15 U.S.C. § 1681 et seq.

[36] (*See generally* Am. Compl. 1, Doc. No. 10.)

I. <u>Federal Claims</u>

 *A. The Murdocks fail to state a cognizable claim under the Fair Credit Reporting Act or federal criminal statutes.*

To the extent the Murdocks allege National Credit Systems violated the Fair Credit Reporting Act[37] (FCRA), they fail to state a cognizable claim.[38] The FCRA only applies to "consumer reporting agencies."[39] Under the FCRA:

> The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.[40]

The Murdocks fail to assert National Credit Systems qualifies as a consumer reporting agency. Accordingly, they have failed to state a plausible FCRA violation against National Credit Systems.

The Murdocks also purport to bring claims against the defendants under 18 U.S.C. § 241, a federal criminal statute for conspiracy against civil rights.[41] However, this is a criminal statute which does not provide for a private right of action and "cannot be enforced in a private civil

---

[37] 15 U.S.C. § 1681 et seq.

[38] (Am. Compl. 20, Doc. No. 10.)

[39] *See* 15 U.S.C. § 1681(b) (describing the purpose of the FCRA as "requir[ing] that *consumer reporting agencies* adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information" (emphasis added)).

[40] 15 U.S.C. § 1681a(f).

[41] *See* 18 U.S.C. § 241.

action."[42] Further, the Murdocks lack standing "to assert that a party has violated criminal laws, or to seek criminal prosecution."[43] And the Murdocks cannot recover civil damages for the defendants' alleged violation of a criminal statute.[44]

Because the Murdocks fail to state a cognizable claim under the FCRA or federal criminal statutes, these claims are dismissed.

    B.  *Mr. Murdock lacks standing as to all federal claims asserted.*

Article III of the United States Constitution limits federal jurisdiction to the resolution of actual cases and controversies.[45] Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III."[46] To maintain standing, a plaintiff must establish he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[47] Mr. Murdock does not allege he was a party to the lease agreement. He and Ms. Murdock are and were divorced, and he was not living in the apartment at the time of the alleged eviction. He also does not allege the defendants attempted to collect any debt from him or that he was subjected to an adverse credit

---

[42] *Gallacher v. Kisner*, No. 2:08-cv-845, 2009 U.S. Dist. LEXIS 68000, at *13 (D. Utah June 25, 2009) (unpublished).

[43] *Rojas v. Meinster*, No. 19-cv-01896, 2019 U.S. Dist. LEXIS 229829, at *4 (D. Colo. Sept. 10, 2019) (unpublished); *see also Diamond v. Charles*, 476 U.S. 54, 64 (1986) (finding private individuals cannot compel enforcement of criminal laws).

[44] *See Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984).

[45] U.S. Const. art. III, § 2.

[46] *Comm. to Save the Rio Hondo v. Lucero*, 102 F.3d 445, 447 (10th Cir. 1996) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

[47] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

report. Thus, Mr. Murdock fails to allege an injury in fact sufficient to support standing. Therefore, all of Mr. Murdock's federal claims are also dismissed for lack of standing.

    C. *Venue is improper in this district for Ms. Murdock's potentially viable FDCPA claims.*

To the extent the Murdocks' amended complaint alleges National Credit Systems violated the Fair Debt Collections Practices Act[48] (FDCPA), it may state some cognizable claims as to Ms. Murdock.[49] The Murdocks' original complaint failed to state a claim under the FDCPA because the complaint failed to explain how National Credit Systems violated the FDCPA.[50] The Murdocks added new FDCPA allegations to their amended complaint, most of which fail to state a claim for the same reasons the original complaint failed to state a FDCPA claim: they are conclusory assertions that do not explain how National Credit Systems violated the FDCPA.[51] However, the Murdocks also added specific factual allegations asserting that National Credit Systems failed to comply with the FDCPA's consumer notice requirements.[52] These claims may be sufficient to withstand § 1915 screening, but because venue is improper in this district, these claims are subject to dismissal.

---

[48] 15 U.S.C. § 1692 et seq.

[49] (*See* Am. Compl. 7–8, 19–20, Doc. No. 10.)

[50] (*See* Order to Amend 5–6, Doc. No. 9.)

[51] (*See* Am. Compl. 7–8 ¶¶ 5–7, 10, Doc. No. 10.)

[52] (*See id.* at 7–8 ¶¶ 8–9.)

As noted above, a court may raise improper venue *sua sponte* when "it is clear that [the plaintiff] can allege no set of facts" to support proper venue.[53] As relevant here, venue is proper in either:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . .[54]

The Murdocks cannot allege any facts to support venue in the District of Utah. The Murdocks allege defendant National Credit Systems is "domiciled in Georgia"[55] and provide a Sherman, Texas address for Maverick Turtle Creek Apartments.[56] The remaining two defendants are a maintenance man and a managerial employee for Maverick Turtle Creek Apartments in Texas.[57] Nothing in either the original or the amended complaint suggests any defendant resides in Utah, let alone all of them. The Murdocks further allege "[a]ll actions complained of herein occurred in Sherman, Texas."[58] Finally, the property that is the subject of the action—the apartment and the allegedly stolen items—are in Texas.[59] The only connection

---

[53] *Trujillo*, 465 F.3d at 1217.

[54] 28 U.S.C. § 1391(b).

[55] (Am. Compl. 2, Doc. No. 10.) Though domicile is not equivalent to residing in a district for the purposes of venue, nothing in the complaint suggests National Credit Systems resides in or has any connection to Utah.

[56] (*Id.* at 3.)

[57] (*Id.* at 4–5.)

[58] (*Id.* at 2.)

[59] (*See id.* at 3.)

to the State of Utah is the fact that the Murdocks now live in Utah.[60] Because it is clear the Murdocks cannot allege any facts that would support venue in the District of Utah under § 1391, Ms. Murdock's potentially viable FDCPA claims are dismissed without prejudice.

II.     State Law Claims

To the extent the Murdocks allege various state-law claims against the defendants, the Murdocks have not shown the court has original jurisdiction over these claims.[61] The Murdocks' amended complaint does not adequately allege diversity jurisdiction as required by 28 U.S.C. § 1332. For the court to have diversity jurisdiction, the amount in controversy must exceed $75,000[62] and the parties must be completely diverse.[63] Where the Murdocks seek damages in the amount of $500,000, the first requirement is met.[64] But the Murdocks have not alleged diversity of citizenship.

An allegation of residency is insufficient to establish diversity. Under 28 U.S.C. § 1332, "[a]n individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship."[65] "[A]n allegation that a party . . . is a resident of a state is not

---

[60] (*See id.* at 4.)

[61] The Murdocks appear to allege the following state-law claims: various violations of Texas property code, common-law conversion, breach of contract, and infliction of severe emotional distress. (*See id.* at 10–12, 14–17.)

[62] *See* 28 U.S.C. § 1332(a).

[63] *See id.*; *McPhail v. Deere & Co.*, 529 F.3d 947, 950 (10th Cir. 2008) (stating diversity requires "the citizenship of all defendants must be different from the citizenship of all plaintiffs").

[64] (*See* Am. Compl. 20, Doc. No. 10.)

[65] *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).

11

equivalent to an allegation of 'citizenship' and is insufficient to confer jurisdiction."[66] Corporations are deemed "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."[67]

The Murdocks' allegation that Ms. Murdock "was a resident of Sherman, Texas" and Mr. Murdock "was and is a resident of Nephi, Utah," [68] is insufficient to allege the Murdocks' citizenship for purposes of establishing diversity. Further, the Murdocks' allegation that National Credit Systems is "domiciled in Georgia"[69] leaves it unclear whether the Murdocks claim National Credit Systems is incorporated in Georgia, has its principal place of business there, or something else entirely. Accordingly, this is insufficient to establish citizenship as to National Credit Systems. Further, the Murdocks allege the "representative address" for Maverick Turtle Creek Apartments is "3114 Rex Cruse Drive, Sherman, Texas 75092."[70] Again, it is unclear whether this references where Maverick Turtle Creek is incorporated, where it has its principal place of business, or something else. Accordingly, this is also insufficient to establish citizenship. Lastly, the Murdocks fail to allege the citizenship of defendants Condor

---

[66] *Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972) (internal quotation marks omitted); *see also Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 300 (10th Cir. 1968) ("The jurisdictional allegations of the original petition for removal were defective . . . because citizenship, as distinguished from residence of the plaintiff, was not expressly alleged.").

[67] 28 U.S.C. § 1332(c)(1).

[68] (Am. Compl. 2, Doc. No. 10.)

[69] (*Id.*)

[70] (*Id.* at 3.)

and Charles.  For these reasons, the Murdocks fail to allege facts sufficient to establish diversity jurisdiction.[71]

Moreover, the court lacks jurisdiction over any claims the Murdocks purport to bring under various Texas criminal statutes (such as burglary, assault, simulating legal process, exploitation of the elderly, retaliation, and financial abuse of an elderly individual).[72]  Both § 1331 and § 1332 are "restricted to conveying jurisdiction over civil actions."[73]

Where the court lacks original jurisdiction over the Murdocks' state-law claims, and all of the Murdocks' federal claims are dismissed, the court declines to exercise supplemental jurisdiction over the Murdocks' state-law claims.[74]  Accordingly, the Murdocks' state-law claims are dismissed without prejudice.

---

[71] Additionally, where "[d]istrict courts do not otherwise have jurisdiction to hear . . . state law claims but for their intertwinement with claims over which they have original jurisdiction," *Estate of Harshman v. Jackson Hole Mt. Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004), the Murdocks would need to establish supplemental jurisdiction under 28 U.S.C. § 1367(a) in order for this court to have jurisdiction to assess any of the state-law claims asserted in their complaint.

[72] (*See* Am. Compl. 11–15, Doc. No. 10.)

[73] *Kaw Nation v. Springer*, 341 F.3d 1186, 1188 (10th Cir. 2003).

[74] *See Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

## CONCLUSION

For the reasons stated above, this action is dismissed without prejudice.

DATED this 14th day of November, 2023.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge